UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE GRIESENAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No: 4:25-cv-00263-SPM |
| v. | ) | |
| | ) | |
| BELLUS MEDICAL, LLC D/B/A | ) | |
| CROWN AESTHETICS, | ) | |
| | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Stephanie Griesenauer by and through her undersigned attorney, and for her First Amended Complaint against Defendant, Bellus Medical, LLC d/b/a Crown Aesthetics states as follows:

1. Plaintiff Stephanie Griesenauer ("Plaintiff") is a resident of Missouri.

2. Defendant Bellus Medical, LLC ("Defendant") is a foreign corporation in good standing with its principal place of business located in the State of Texas. Defendant conducts business throughout the State of Missouri, including St. Charles County, Missouri.

3. Pursuant to MO. REV. STAT. § 508.010, jurisdiction and venue were originally proper in St. Charles County because Plaintiff was first injured in St. Charles County, Missouri.

4. Jurisdiction is now proper in the Eastern District of Missouri of United States District Court based on the Defendant removing the case based on diversity.

5. Plaintiff is an aesthetician who performs cosmetic procedures for the public.

6. Defendant represents itself to the public as "the premier medical aesthetics company."

7. Defendant sells medical devices to the public and specifically sells the ProGen PRP eclipse platelet-rich plasma system (hereinafter "ProGen").

8. Defendant markets the ProGen to aestheticians and misleadingly educates them as to the following "top reasons all practices need ProGen PRP, the superiority of the ProGen PRP System, how to successfully incorporate PRP into your daily routine, how to maximize your ProGen PRP profits, and ways to educate patients on the superiority of the ProGen system."

9. Defendant markets the ProGen for use by aestheticians for skin rejuvenation.

10. Defendant's sales rep, Leann, sold the ProGen to Plaintiff while acting on behalf of Defendant and within the course and scope of their employment with Defendant.

11. On July 31, 2022, Plaintiff used the ProGen, as anticipated by Defendant, to perform platelet rich injections to the following parts of her body: under right eye, under left eye, frontal scalp, neck, and chest.

12. The injections took place at Plaintiff's home located at 104 Stone Ridge Meadows Dr., O'Fallon, MO 63366 in St. Charles County, Missouri.

13. During the use of the ProGen, the system did not function as expected and the gel separator dislodged from the center of the tube and infected the platelet rich sample that was to be injected.

14. On or about August 8, 2022 Plaintiff began to develop hives over her body.

15. On or about August 14, 2022, Plaintiff began to experience severe swelling and erythema.

16. Over the next year, Plaintiff endured substantial pain and suffering to all parts of her body that required extensive medical care and treatment.

17. ProGen is not designed for use by aestheticians for cosmetic procedures.

18. ProGen is designed for application to a bony defect and any other uses of ProGen are considered off-label in nature.

## COUNT I – STRICT LIABILITY PRODUCT DEFECT AND FAILURE TO WARN

COMES NOW Plaintiff by and through her attorney and for Count I of her cause of action against Defendant alleges as follows:

19. Plaintiff realleges by reference the allegations of paragraphs 1 through 17 of this petition as if set for fully here verbatim.

20. At the time of the injury as described above, Plaintiff was using the ProGen in a reasonably anticipated manner.

21. At all times relevant hereto, Defendant sold, supplied, and/or placed into the stream of commerce the ProGen that was being used by Plaintiff at the time of her injury, which the ProGen caused or contributed to cause damage to Plaintiff.

22. The ProGen was, at the time it was sold, in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

    a. The ProGen lacked safety guards to prevent the gel separator from entering the injection portion of the tube;

    b. Defendant failed to warn of such dangerous conditions described above;

c. Defendant failed to warn of the dangers associated with using the ProGen for cosmetic procedures;

d. And any and all other defects as discovered through the discovery process.

23. The aforementioned defective condition and/or failure to warn, which existed at the time the ProGen was sold, caused or contributed to cause damage to Plaintiff in that Plaintiff sustained:

a. Severe and permanent damage to Plaintiff's body and emotional distress which required medical treatment both past, present, and future;

b. Loss of enjoyment of life;

c. Inconvenience; and

d. Pain and suffering.

24. Plaintiff sustained medical treatment that lasted approximately 12 months due to the negligence of Defendant.

25. Plaintiff suffered emotional distress past, current, and future based on her face being disfigured from the negligence of Defendant.

26. Plaintiff sustained lost wages due to the negligence of Defendant.

WHEREFORE, Plaintiff prays for judgment be entered on Count I against Defendant in such sum as is just and fair as determined by the finder of fact in excess of Seventy-Five Thousand Dollars ($75,000), for her costs expended herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II– NEGLIGENT MANUFACTURE, DESIGN, OR FAILURE TO WARN

COMES NOW Plaintiff by and through her attorney and for Count II of her cause of action against Defendant alleges as follows:

27. Plaintiff incorporates the above allegations as though fully set forth herein.

28. Defendant sold, distributed, supplied and/or placed in the stream of commerce the ProGen which caused injury to Plaintiff.

29. At all times relevant hereto, Defendant owed the Plaintiff a duty to exercise ordinary care in the distribution and supply of the ProGen product.

30. Defendant breached the above defined duty of care to Plaintiff in that the aforementioned ProGen was negligently designed and/or manufactured because Defendant failed to include safeguards that would prevent the ProGen gel separator from entering the injection portion of the tube, and further failed to give adequate warnings of the ProGen and said failures were a breach of the duty of care owed to Plaintiff and said failures caused and/or contributed to cause damage to Plaintiff.

31. The aforementioned defects render the ProGen unreasonably dangerous when put to a reasonably anticipated use.

32. Defendant had no reason to believe the aforementioned defects of the ProGen could and/or would be discovered by Plaintiff or others in Plaintiff's position.

33. Defendant knew, or by the use of ordinary care, should have known of the aforementioned defects of the ProGen.

34. Defendant did not give adequate warning and/or instruction concerning the danger of using the ProGen as reasonably anticipated.

35. As a direct and proximate result of Defendant's negligent distribution of the ProGen and its failure to warn about the dangers of the ProGen, Plaintiff suffered damages as previously described herein.

WHEREFORE, Plaintiff prays for judgment be entered on Count II against Defendant in such sum as is just and fair as determined by the finder of fact in excess of Seventy-Five Thousand Dollars ($75,000), for her costs expended herein, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

/s/ Jason P. Hine

JASON P. HINE, #67203
Attorney for Plaintiff
MILLER & HINE, LLC
8764 Manchester Rd, Ste 204
St. Louis, MO 63144
O: (314) 413-2053
F: (314) 833-4058