# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE GRIESENAUER, ) | |
| ) | Case No. 4:25-cv-00263 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BELLUS MEDICAL, LLC D/B/A CROWN ) | **JURY TRIAL DEMANDED** |
| AESTHETICS, ) | |
| ) | |
| Defendant / Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BIMINI TECHNOLOGIES LLC d/b/a BIMINI ) | |
| HEALTH TECH, HEALEON LLC and KMI IMI ) | |
| GROUP, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BELLUS MEDICAL, LLC D/B/A CROWN AESTHETICS TO FIRST AMENDED COMPLAINT, AND THIRD-PARTY COMPLAINT AGAINST BIMINI TECHNOLOGIES LLC D/B/A BIMINI HEALTH TECH, HEALEON LLC AND KMI IMI GROUP

### ANSWER

Defendant / Third-Party Plaintiff Bellus Medical, LLC d/b/a Crown Aesthetics ("Crown") responds to Plaintiff's *First Amended Complaint* (the "Petition") in like-numbered Paragraphs as follows:

1. Denied for want of knowledge.

2. Admit that Crown is a Texas limited liability company; otherwise, denied.

3. This Paragraph refers to a legal conclusion to which no response is required; otherwise, denied.

4. Admit.

5. Denied for want of knowledge.

6. This Paragraph refers to a document that speaks for itself and to which no response is required; otherwise, denied for want of knowledge.

7. Admit that Crown sells the ProGen PRP eclipse platelet-rich plasma system ("ProGen") to licensed practitioners; otherwise, denied.

8. Denied.

9. Denied.

10. Admit that Crown's sales representative Leann Price was involved with the sale of ProGen to Plaintiff as a practicing aesthetician; otherwise, denied.

11. Denied for want of knowledge.

12. Denied for want of knowledge.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**COUNT I - STRICT LIABLITLY PRODUCTS DEFECT AND FAILURE TO WARN**

19. Crown reincorporates all previous responses and denials as if fully restated herein.

20. Denied.

21. Denied for want of knowledge.

22. Denied, including as to all subparagraphs.

23. Denied, including as to all subparagraphs.

24. Denied for want of knowledge.

25. Denied.

26. Denied.

**COUNT II - NEGLIGENT MANUFACTURE, DESIGN, OR FAULURE TO WARN**

27. Crown reincorporates all previous responses and denials as if fully restated herein.

28. Denied for want of knowledge.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

**AFFIRMATIVE DEFENSES**

1. All allegations not specifically admitted are denied.

2. This Court lacks personal jurisdiction.

3. Plaintiff's claims fail based on improper service and/or service of process.

4. Plaintiff has failed to join necessary and indispensable parties.

5. Plaintiff lacks standing, is not the real party in interest, and/or asserts claims that are premature, not ripe, and not justiciable.

6. Plaintiff's Petition fails to state a claim upon which relief can be granted.

7. Plaintiff's Petition is barred by the applicable statutes of limitations.

8. Plaintiff's Petition is barred by the applicable statutes of repose.

9. Plaintiff has no legal right to the relief requested.

10. Plaintiff failed to mitigate damages, if any.

11. Plaintiff's recovery must be eliminated or diminished by her comparative and/or contributory negligence.

12. The alleged damages sustained by Plaintiff, if any, were the direct and proximate result of the liability of other persons, parties, and non-parties, other than Crown, and any right to recovery must be diminished in whole or in part accordingly.

13. Any allocation of liability must include the fault of non-parties.

14. Plaintiff's claims are barred, in whole or in part, because the alleged damages are a result of intervening or superseding causes over which Crown had no control or right to control.

15. Plaintiff's claims are barred by the doctrines of waiver, release, accord and satisfaction, estoppel (including equitable and judicial estoppel), laches, set-off, recoupment, and/or unclean hands.

16. Crown at all times acted in good faith and reasonably.

17. Plaintiff's alleged damages are speculative, excessive, non-calculable, unreasonable, and/or violate state and federal Due Process rights.

18. The alleged damages cannot be shown with certainty.

19. Plaintiff's claims are barred by the doctrine of preemption.

20. Plaintiff expressly and/or impliedly consented to the conduct complained of.

21. Plaintiff's claims are barred based on her express and/or implied assumption of the risk and the doctrine of informed consent.

22. Any alleged damages are the result of Plaintiff's misuse, alteration, and/or abuse of the product.

23. Plaintiff's claims are barred because Crown complied with all necessary governmental standards and regulations.

24. Plaintiff's claims are barred because any products were not unreasonably dangerous, any warnings and/or instructions were adequate as a matter of law, and the product(s) at issue at all times conformed to the state of the art and the applicable standards of care for the design and manufacture of such or similar products.

25. Plaintiff's claims are barred based on the failure to allege a safer alternative design or formulation.

26. Any exposure was so minimal as to be insufficient to establish a reasonable degree of probability that the product caused any alleged injuries and/or damages.

27. Plaintiff's claims are barred under the "learned intermediary," "informed intermediary," and/or "sophisticated user" doctrines and Crown had no duty to warn Plaintiff directly of any condition associated with the production or product in question.

28. Any alleged injuries were the result of an idiosyncratic reason without any negligence, defect, or failure on the part of Crown.

29. Plaintiff's claims are barred, in whole or in part, because the methods, standards, and techniques utilized in the manufacture, distribution, marketing, and labeling of the product and the issuance of warnings and instructions with respect to its use conformed with the generally recognized, reasonably available, and reliable state of knowledge at the time the product was manufactured and distributed.

30. The alleged product in question was designed, tested, manufactured and marketed in accordance with the state of the art technology at all relevant times.

31. Plaintiff's claims are barred, in whole or in part, by express or implied preemption under federal law, including but not limited to the Federal Food, Drug, and Cosmetic Act ("FDCA").

32. Plaintiff's claim against Crown is barred, in whole or in part, by section 402A of the *Restatement (Second) of Torts* and section 6(c) of the *Restatement (Third) of Torts: Product Liability*, in that Crown did not sell any product in a defective condition unreasonably dangerous to the user or consumer or to her property.

33. To the extent that Plaintiff's claim against Crown is based on a theory providing for liability without proof of causation, the claim violates Crown's rights under the United States Constitution.

34. Should Crown be held liable to Plaintiff, which liability is specifically denied, Crown would be entitled to a set-off for the total of all amounts paid to Plaintiff from collateral or other sources.

35. Plaintiff's claims may be barred, in whole or in part, due to spoliation of evidence.

36. Crown incorporates all necessary defenses in Rules 8 and 12 as applicable and reserves the right to amend this pleading to raise any additional defenses as may become necessary during the investigation or discovery of this action.

## GENERAL DENIAL

Crown denies all unnumbered allegations and all allegations not expressly admitted herein.

## DEMAND FOR TRIAL BY JURY

Crown demands a trial by jury of twelve as to all issues so triable.

**WHEREFORE**, Crown requests that Plaintiff's Petition be dismissed with prejudice, that judgment is entered in favor of Crown, and that Crown be awarded reasonable attorney fees, costs,

and any other relief this Court deems just and proper.

## THIRD-PARTY COMPLAINT AGAINST
## BIMINI TECHNOLOGIES LLC, HEALEON LLC AND KMI IMI GROUP

Now comes Defendant / Third-Party Plaintiff Bellus Medical, LLC d/b/a Crown Aesthetics ("Crown"), having fully answered the *First Amended Complaint* ("Petition"), and states as follows for its *Third-Party Complaint against Bimini Technologies LLC, Healeon LLC and KMI IMI Group* (the "TPC"):

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Stephanie Griesenauer ("Plaintiff") is a resident of Missouri.

2. Crown is a Texas limited liability company. Crown is an affiliate entity of Crown Laboratories, Inc.

3. Bimini Technologies LLC d/b/a Bimini Health Tech ("Bimini") is a Delaware limited liability company with members residing, upon information and belief, in Texas and California.

4. Healeon LLC ("Healeon") is a Delaware limited liability company with members residing, upon information and belief, in Texas.

5. KMI IMI Group ("KMI") is a California corporation with its principal place of business in Irvine, California.

6. This Court maintains jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as well as 28 U.S.C. § 1367.

7. Venue is appropriate in this Court as the incidents giving rise to the claims asserted herein, as well as those in the Petition, occurred within the Eastern District of Missouri.

### FACTUAL ALLEGATIONS

8. Crown incorporates by reference the allegations contained in Plaintiff Stephanie

7

Griesenauer's ("Plaintiff") Petition for pleading purposes only so as to give context to this TPC.

9. Crown incorporates by reference its answers, responses, and defenses set forth in its Answer to Plaintiff's Petition as if fully rewritten herein.

10. Without admitting any of the allegations contained therein, Plaintiff's Petition generally alleges that she purchased the ProGen PRP Eclipse system ("ProGen") from Crown prior to July 31, 2022. Thereafter, Plaintiff used ProGen to apply centrifugal force to a blood sample, resulting in the generation of an autologous platelet rich sample.

11. Per the allegations in the Petition, without admitting same, on or about July 31, 2022, the gel separator in the sample tube "dislodged" from the tube itself, causing the separator gel to fracture and contaminate the platelet rich sample. As such, Plaintiff aspirated the gel along with the sample and proceeded to inject herself in five (5) separate locations.

12. Per the allegations in the Petition, without admitting same, Plaintiff then suffered an allergic reaction to the separator gel, which she claims caused "substantial pain and suffering to all parts of her body." Plaintiff further alleges that the use of ProGen for aesthetic use was "off-label."

13. Plaintiff's Petition contains two counts: (1) strict liability; and, (2) negligence. In her strict liability count, Plaintiff asserts that ProGen was defectively designed; defectively manufactured; and, that Crown failed to warn Plaintiff of the risks of using ProGen for off-label purposes. In her negligence count, Plaintiff asserts similar claims with the general allegation that Crown failed to exercise reasonable care in the design, manufacture and warnings associated with ProGen.

14. Crown was, at all relevant times, a distributor of ProGen pursuant to a certain *Exclusive Distribution Agreement By and Between Bellus Medical, LLC and Healeon Medical,*

*Inc.*[1] *Dated as of February 3, 2020,* as amended by *Amendment No. 1 to Exclusive Distribution Agreement* dated October 4, 2021 (the "Distribution Agreement"). Pursuant to the Distribution Agreement, Bimini and Healeon "shall defend, at its cost, indemnify and hold harmless [Crown] and its Affiliates . . . from and against any and all damages, liability, demands, fines, fees, costs, expenses and expenditure and disbursement of every nature . . . to the extent arising from, or alleged to arise from . . . any breach of any representation, warranty or covenant or agreement of [Bimini] under this Agreement." Distribution Agreement, § 12.1(i). One such warranty is that ProGen supplied by Bimini "will be free from defects in manufacture and workmanship." *Id.* at § 10.2(k)(ii).

15. On July 22, 2024, Crown Laboratories, Inc.—an affiliated entity of Crown—, Bimini and Healeon entered into the *Asset Purchase Agreement by and among Healeon LLC, Bimini Technologies LLC, and Crown Laboratories Inc.* (the "APA"). The APA provides that "[Healeon] and Bimini, jointly and severally, shall defend, indemnify and hold harmless [Crown Laboratories, Inc.] its Affiliates and their respective stockholders, directors, officers and employees . . . from and against all Damages arising from or relating to: . . . [Healeon]'s ownership, marketing, distribution, sale or operation of the Purchased Assets prior to" July 22, 2024. APA, § 7.02(d).

16. Upon information and belief—specifically, the packaging on the box and the Distribution Agreement—Bimini was, at all relevant times, the designer and assembler of the final ProGen product.

17. Upon information and belief, ProGen and the separator gel at issue was, at all relevant times, supplied and/or manufactured by KMI.

---

[1] Healeon is the successor in interest to Healeon Medical, Inc.

18. Additionally, as Crown was, at all relevant times, purely a distributor of ProGen, principles of equity demand that Bimini, Healeon and/or KMI indemnify Crown fully to the extent Plaintiff prevails at trial.

**COUNT I**
**(Express Indemnity – Bimini and Healeon)**

19. Crown incorporates the preceding paragraphs as if fully restated herein.

20. Pursuant to the Distribution Agreement, Bimini and Healeon shall each "defend, at its cost, indemnify and hold harmless [Crown] and its Affiliates . . . from and against any and all damages, liability, demands, fines, fees, costs, expenses and expenditure and disbursement of every nature . . . to the extent arising from, or alleged to arise from . . . any breach of any representation, warranty or covenant or agreement of [Bimini] under this Agreement." Distribution Agreement, § 12.1(i). One such warranty is that ProGen supplied by Healeon and Bimini "will be free from defects in manufacture and workmanship." *Id.* at § 10.2(k)(ii).

21. Furthermore, the APA provides that "[Healeon] and Bimini, jointly and severally, shall defend, indemnify and hold harmless [Crown Laboratories, Inc.] its Affiliates and their respective stockholders, directors, officers and employees . . . from and against all Damages arising from or relating to: . . . [Healeon]'s ownership, marketing, distribution, sale or operation of the Purchased Assets prior to" July 22, 2024. APA, § 7.02(d).

22. Plaintiff is alleging that the ProGen she used was defectively designed, manufactured and failed to warn against off-label usage. *See* Petition. These claims all arise out of "[Healeon]'s . . . distribution [and] sale" of the ProGen system to its distributor, Crown; in turn, Crown is entitled to indemnity from Bimini "jointly and severally" with Healeon. *See* APA, § 7.02(d).

23. Furthermore, to the extent Plaintiff prevails on her manufacturing defect claim at

10

trial, that manufacturing defect would mean that the ProGen provided to Crown by Bimini and Healeon was not "Free from defects in manufacture." Distribution Agreement, § 10.2(k)(ii). In turn, to the extent Plaintiff prevails on her manufacturing defect claim at trial, Bimini and/or Healeon would be in breach of the warranty made in the Distribution Agreement and, therefore, be obligated to indemnify Crown.

24. Additionally, to the extent Plaintiff prevails on any of her claims at trial, such claims would arise out of the distribution and sale of ProGen by Bimini and/or Healeon, directly and proximately causing Crown to suffer judgment in Plaintiff's favor in an undetermined amount. Likewise, Bimini's and/or Healeon's breach of warranty would directly and proximately cause Crown to suffer judgment in Plaintiff's favor in an undetermined amount.

## COUNT II
### (Implied / Noncontractual Indemnity – All Third-Party Defendants)

25. Crown incorporates the preceding paragraphs as if fully restated herein.

26. Additionally, to the extent Plaintiff prevails on her claims at trial, those claims would be successful as a direct and proximate result of the actions or inactions of Bimini, Healeon and/or KMI, rather than those of Crown.

27. Specifically, to the extent Plaintiff prevails on her claims at trial, those claims would be successful due to a defect in the design, manufacture and/or use (warnings) of ProGen, all of which are generated by Bimini, Healeon and/or KMI.

28. In turn, to the extent that there is no express indemnity owed by Bimini, Healeon and/or KMI to Crown, the special nature of the case's circumstances equitably requires that Bimini, Healeon and/or KMI indemnify Crown to the extent Plaintiff prevails at trial. This obligation exists regardless of the intention of the parties.

# COUNT III
**(Contribution – All Third-Party Defendants)**

29. Crown incorporates the preceding paragraphs as if fully restated herein.

30. Missouri Code § 537.060 provides that "Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract."

31. Bimini, Healeon and/or KMI are subject to any judgment obtained by Plaintiff against Crown, and obligated to contribute fully or partially to the satisfaction thereof, by virtue of the fact that Plaintiff's damages arise fully or partially out of the actions or inactions of Bimini, Healeon and/or KMI, rather than those of Crown.

32. As such, the actions or inactions of Bimini, Healeon and/or KMI would be directly and proximately causing the damages giving rise to the judgment against Crown. In turn, Bimini, Healeon and/or KMI is obligated—both under Mo. Code § 537.060 and Missouri common law—to fully or partially contribute to the satisfaction of any judgment obtained by Plaintiff against Crown.

**WHEREFORE**, Crown prays for judgment against any or all of the Third-Party Defendants obligating any or all of the Third-Party Defendants to indemnify and/or contribute to the extent of any judgment obtained by Plaintiff against Crown, plus an award of attorneys' fees and costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Tyler Tarney*
Tyler Tarney (OH St. Bar # 0089082) (admitted *pro hac vice*)

David Bosak (OH St. Bar # 0099361) (admitted *pro hac vice*)
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
ttarney@grsm.com
dbosak@grsm.com
*Attorneys for Defendant Bellus Medical, LLC d/b/a Crown Aesthetics*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was filed electronically with the Clerk of the Court on July 25, 2025, affecting service upon all counsel of record via the Court's CM/ECF system.

*/s/ Tyler Tarney*