UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE GRIESENAUER, | |
| Plaintiff, | Cause No.    4:25-cv-00263 |
| v. | District Judge Mensah |
| BELLUS MEDICAL, LLC d/b/a CROWN AESTHETICS, | |
| Defendant / Third-Party Plaintiff, | |
| v. | |
| BIMINI TECHNOLOGIES LLC d/b/a BIMINI HEALTH TECH, HEALEON LLC and KMI IMI GROUP, | |
| Third-Party Defendants. | |

### BIMINI TECHNOLOGIES LLC D/B/A BIMINI HEALTH TECH'S ANSWER TO THIRD-PARTY COMPLAINT

COMES NOW, Bimini Technologies LLC d/b/a Bimini Health Tech ("Bimin") answer to Defendant / Third-Party Plaintiff Bellus Medical, LLC d/b/a Crown Aesthetics ("Crown") Third-Party Complaint, and for its answer to Crown's Third-Party Complaint states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2.      Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 2 and therefore denies the same.

3. Bimini admits it is a Delaware limited liability company. All other information not specifically admitted herein is denied.

4. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

5. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 5 and therefore denies the same.

6. Paragraph 6 states a legal conclusion for which no response is required. In the event such a response is required, Bimini denies the allegations contained in Paragraph 6.

7. Paragraph 7 states a legal conclusion for which no response is required. In the event such a response is required, Bimini denies the allegations contained in Paragraph 7.

**FACTUAL ALLEGATIONS**

8. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 10 and therefore denies the same.

11. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

13. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

14. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

15. Paragraph 15 states a legal conclusion for which no response is required.  In the event such a response is required, Bimini denies the allegations contained in Paragraph 15.

16. Bimini denies the allegations contained in Paragraph 16.

17. Bimini has insufficient information in which to admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

18. Bimini denies the allegations contained in Paragraph 18.

## COUNT I
### (Express Indemnity – Bimini and Healeon)

19. Bimini incorporates its responses to Paragraphs 1 through 18 as if set forth herein.

20. Paragraph 20 states a legal conclusion for which no response is required.  In the event such a response is required, Bimini denies the allegations contained in Paragraph 20.

21. Paragraph 21 states a legal conclusion for which no response is required.  In the event such a response is required, Bimini denies the allegations contained in Paragraph 21.

22. Paragraph 22 states a legal conclusion for which no response is required.  In the event such a response is required, Bimini denies the allegations contained in Paragraph 22.

23. Bimini denies the allegations contained in Paragraph 23.

24. Bimini denies the allegations contained in Paragraph 24.

WHEREFORE, having fully answered Count I, to Defendant/Third-Party Plaintiff's Third-Party Complaint, Third-Party Defendant Bimini prays this Court dismiss Count I and for any and all further relief it deems just and proper.

## COUNT II
### (Implied / noncontractual Indemnity – All Third-Party Defendants)

25. Bimini incorporates its responses to Paragraphs 1 through 25 as if set forth herein.

26. Bimini denies the allegations contained in Paragraph 26.

27. Bimini denies the allegations contained in Paragraph 27.

28. Bimini denies the allegations contained in Paragraph 28.

WHEREFORE, having fully answered Count II to Defendant/Third-Party Plaintiff's Third-Party Complaint, Third-Party Defendant Bimini prays this Court dismiss Count II and for any and all further relief it deems just and proper.

## COUNT III
### (Contribution – All Third-Party Defendants)

29. Bimini incorporates its responses to Paragraphs 1 through 28 as if set forth herein

30. Paragraph 30 states a legal conclusion for which no response is required. In the event such a response is required, Bimini denies the allegations contained in Paragraph 30.

31. Bimini denies the allegations contained in Paragraph 31.

32. Bimini denies the allegations contained in Paragraph 32.

WHEREFORE, having fully answered Count III to Defendant/Third-Party Plaintiff's Third-Party Complaint, Third-Party Defendant Bimini prays this Court dismiss Count III and for any and all further relief it deems just and proper.

## AFFIRMATIVE DEFENSES

1. In further answer and affirmative defense, all allegations not specifically admitted are denied.

2. In further answer and affirmative defense, this Court lacks personal jurisdiction.

46.2524

3. In further answer and affirmative defense, Third-Party Plaintiff's claims fail based on improper service and/or service of process.

4. In further answer and affirmative defense, Third-Party Defendant Bimini states that Third-Party Plaintiff's claims are barred by the doctrine of estoppel.

5. In further answer and affirmative defense, Third-Party Plaintiff lacks standing, is not the real party in interest, and/or asserts claims that are premature, not ripe, and not justiciable.

6. In further answer and affirmative defense, Third-Party Plaintiff's Petition fails to state a claim upon which relief can be granted.

7. In further answer and affirmative defense, Third-Party Plaintiff's Petition is barred by the applicable statutes of limitations.

8. In further answer and affirmative defense, Third-Party Plaintiff's Petition is barred by the applicable statutes of repose.

9. In further answer and affirmative defense, Third-Party Plaintiff's has no legal right to the relief requested.

10. In further answer and affirmative defense, Third-Party Defendant Bimini states that Plaintiff failed to comply with all necessary governmental standards and regulations and, therefore, Plaintiff's claims are barred.

11. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred because any products were not unreasonably dangerous, any warnings and/or instructions were adequate as a matter of law and the product(s) at issue at the times conformed to state of the art and the applicable standards of care for the design and manufacture of such or similar products.

12. In further answer and affirmative defense, the alleged damages sustained by Plaintiff, if any, were the direct and proximate result of the liability of other persons, parties, and non-parties, other than Bimini, and any right to recovery must be diminished in whole or in part accordingly.

13. In further answer and affirmative defense, Third-Party Defendant Bimini states that Third-Party Plaintiff's claims are barred, in whole or in part, by the terms, exclusions and other limitations in the "Exclusive Distribution Agreement".

14. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred, in whole or in part, because the alleged damages are a result of intervening or superseding causes over which Bimini had no control or right to control.

15. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred by the doctrines of waiver, release, accord and satisfaction, estoppel (including equitable and judicial estoppel), laches, set-off, recoupment, and/or unclean hands.

16. In further answer and affirmative defense, Third-Party Defendant Bimini states that Third-Party Plaintiff's claims are barred, in whole or in part, by the terms, exclusions and other limitations in the "Asset Purchase Agreement".

17. In further answer and affirmative defense, Third-Party Defendant Bimini states that no warranties, express or implied, were made by Third-Party Defendant.

18. In further answer and affirmative defense, the claim made by Plaintiff was known by Third-Party Plaintiff prior to the Asset Purchase Agreement and the claims are barred.

19. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred by the doctrine of preemption.

20. In further answer and affirmative defense, Plaintiff expressly and/or impliedly consented to the conduct complained of.

21. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred based on Plaintiff's express and/or implied assumption of the risk and the doctrine of informed consent.

22. In further answer and affirmative defense, any alleged damages are the result of Plaintiff's misuse, alteration, and/or abuse of the product.

23. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred because any products were not unreasonably dangerous, any warnings and/or instructions were adequate as a matter of law, and the product(s) at issue at all times conformed to the state of the art and the applicable standards of care for the design and manufacture of such or similar products.

24. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred under the "learned intermediary," "informed intermediary," and/or "sophisticated user" doctrines and Bimini had no duty to warn Plaintiff directly of any condition associated with the production or product in question.

25. In further answer and affirmative defense, any alleged injuries were the result of an idiosyncratic reason without any negligence, defect, or failure on the part of Bimini.

26. In further answer and affirmative defense, Third-Party Plaintiff's claims are barred, in whole or in part, because the methods, standards, and techniques utilized in the manufacture, distribution, marketing, and labeling of the product and the issuance of warnings and instructions with respect to its use conformed with the generally recognized, reasonably

available, and reliable state of knowledge at the time the product was manufactured and distributed.

27. In further answer and affirmative defense, the alleged product in question was designed, tested, manufactured and marketed in accordance with the state of the art technology at all relevant times.

28. In further answer and affirmative defense, Plaintiff's claims are barred, in whole or in part, by express or implied preemption under federal law, including but not limited to the Federal Food, Drug, and Cosmetic Act ("FDCA").

29. In further answer and affirmative defense, Third-Party Plaintiff's claims against Bimini are barred, in whole or in part, by section 402A of the *Restatement (Second) of Torts* and section 6(c) of the *Restatement (Third) of Torts: Product Liability*, in that Bimini did not sell any product in a defective condition unreasonably dangerous to the user or consumer or to her property.

30. In further answer and affirmative defense, to the extent that Third-Party Plaintiff's claims against Bimini are based on a theory providing for liability without proof of causation, the claims violate Bimini's rights under the United States Constitution.

31. In further answer and affirmative defense, should Bimini be held liable to Third-Party Plaintiff, which liability is specifically denied, Bimini would be entitled to a set-off for the total of all amounts paid to Plaintiff from collateral or other sources.

32. In further answer and affirmative defense, Bimini incorporates all necessary defenses in Rules 8 and 12 as applicable and reserves the right to amend this pleading to raise any additional defenses as may become necessary during the investigation or discovery of this action.

33. In further answer and affirmative defense, Third-Party Defendant Bimini reserves the right to raise any additional affirmative defenses should it become necessary based upon evidence learned through continuing investigation and discovery.

Respectfully submitted,

CHILDRESS AHLHEIM CARY LLC

BY: /s/ *Rebecca A. Cary*
Rebecca A. Cary    #53997MO
1699 S. Hanley Rd, Ste. 210
St. Louis, MO 63144
314-621-9800
314-621-9802 Fax
rebecca@caclawfirm.com
*Attorneys for Third-Party Defendant Bimini Technologies LLC d/b/a Bimini Health Tech*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 19th day of August 2025, the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification to:

Jason P. Hine
MILLER & HINE, LLC
8764 Manchester Road, Suite 204
St. Louis, MO 63144
314-413-2053
jhine@millerandhinelaw.com
*Attorneys for Plaintiff*

Katie C. Battisti
Alexander J. Oakes
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, MO 63102
314-961-6686
kbattisti@grsm.com
aoakes@grsm.com
*Attorneys for Defendant Bellus Medical, LLC d/b/a Crown Aesthetics*

46.2524

Tyler Tarney (admitted *pro hac vice*)
David Bosak (admitted *pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
41 South High Street, Suite 2495
Columbus, OH 43215
614-340-5558
ttarney@grsm.com
dbosak@grsm.com
*Attorneys for Defendant Bellus Medical. LLC d/b/a Crown Aesthetics*

/s/      *Rebecca A. Cary*