IN THE UNITED STATES DISTRICT COURT OF
THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE GRIESENAUER, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| BELLUS MEDICAL, LLC, D/B/A CROWN AESTHETICS, | ) Case No. 4:25-cv-00263-SPM |
|  | ) |
| Defendant/Third-Party Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| BIMINI TECHNOLOGIES LLC, d/b/a/ BIMINI HEALTH TECH, HEALEON LLC and KMI IMI GROUP, | ) |
|  | ) |
| Third-Party Defendants. | ) |

**THIRD-PARTY DEFENDANT KMI IMI GROUP'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Third-Party Defendant KMI IMI Group, by and through undersigned counsel, and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Local Rule 4.01, provides the following Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction:

**I.     FACTUAL BACKGROUND**

Plaintiff, Stephanie Griesenauer, has filed suit against Defendant, Bellus Medical, LLC, d/b/a Crown Aesthetics, for strict liability on the basis of product defect and failure to warn (Count I), and negligent manufacture, design, or failure to warn (Count II).  *See* First Amended Complaint, Doc. 27.  Plaintiff is alleging that she suffered injuries due to her use of ProGen PRP eclipse platelet-rich plasma system ("ProGen").

1

Bellus Medical LLC, d/b/a Crown Aesthetics, has filed a Third-Party action against Bimini Technologies d/b/a Bimini Health Tech, Healeon LLC, and KMI IMI Group.  *See* Third-Party Complaint, Doc. 42.  The only claims being asserted against KMI IMI Group are for implied/noncontractual indemnity and contribution.  *See* Third-Party Complaint, Doc. 42, Count II and Count III.

In the Third-Party Complaint, it is alleged that Third-Party Defendant KMI IMI Group supplied and/or manufactured the ProGen at issue in this case.  *See* Third-Party Complaint, Doc. 42, ¶ 17.  The Third-Party Complaint does not include any basis for personal jurisdiction against KMI IMI Group, and instead just references the jurisdiction applicable to the First Amended Complaint, which only provides subject matter jurisdiction.  *See* Third-Party Complaint, Doc. 42, ¶ 6.

As stated in the Third-Party Complaint, KMI IMI Group is a California corporation, with its principal place of business in California.  *See* Third-Party Complaint, Doc. 42, ¶ 5.  KMI IMI Group is not registered to do business in Missouri, does not conduct business in Missouri, and does not own, operate, manage, or control any business or property in Missouri.  *See* Exhibit A, Declaration of Ben Khalaj, ¶¶ 3-6.  KMI IMI Group has never advertised or solicited applications for an open employment position in Missouri, does not purposefully solicit Missouri residents for business, and is not affiliated with any professional, collegiate, or other sports teams that do business in Missouri.  *See* Exhibit A, Declaration of Ben Khalaj, ¶¶ 7-9.  As it relates to the specific product at issue in this case, KMI IMI Group contracted with a California corporation to manufacture the product, and pursuant to its instructions, shipped that product to Tennessee.  *See* Exhibit A, Declaration of Ben Khalaj, ¶¶ 11-12.  To the best of KMI IMI Group's knowledge, it has never shipped any products to the state of Missouri. *See* Exhibit A, Declaration of Ben Khalaj,

¶ 10. KMI IMI Group does not know how the product ended up in Missouri in Plaintiff's possession and does not have any control over what Crown Laboratories does with the product after it is delivered. *See* Exhibit A, Declaration of Ben Khalaj, ¶¶ 13-14.

As Third-Party Plaintiff has failed to provide any basis for personal jurisdiction for KMI IMI Group in Missouri, Third-Party Defendant KMI IMI Group moves for an Order from this Court dismissing it based on Rule 12(b)(2) of the Federal Rules of Civil Procedure.

II.   ARGUMENT AND AUTHORITIES

   a. Legal Standard

Rule 12(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
>    (1) lack of subject-matter jurisdiction;
>    **(2) lack of personal jurisdiction;**
>    (3) improper venue;
>    (4) insufficient process;
>    (5) insufficient service of process;
>    (6) failure to state a claim upon which relief can be granted; and
>    (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12 (emphasis added). "To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a *prima facie* showing of jurisdiction; that is, the 'plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state.'" *A.T. Through Travis v. Hahn*, 341 F. Supp. 3d 1031, 1035 (E.D. Mo. 2018) (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir.

3

2008)). "Once jurisdiction has been controverted or denied, the plaintiff has the burden of proving such facts." *Id.* (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). The plaintiff's prima facie showing is "tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motion and in opposition thereteo." *Id.*

In a diversity action, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). "The Missouri Supreme Court has held that the legislature intended the Missouri long-arm statute to provide for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment." *Hahn*, 341 F. Supp.3d at 1035–36 (internal citation and quotation omitted).

At issue in this case is where the Court has personal jurisdiction under the Due Process Clause of the Fourteenth Amendment. "Personal jurisdiction under the Due Process Clause comes in two varieties: general and specific. *Hahn*, 341 F. Supp. 3d at 1036. "The exercise of general jurisdiction over a corporation may take place where the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id*. (internal citation and quotation omitted). There is no basis for general jurisdiction over KMI IMI Group in Missouri as it is a California corporation with its principal place of business in California. *See* Exhibit A, Declaration of Ben Khalaj, ¶ 3.

As it relates to specific jurisdiction, "[i]n order for a state court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum." *Id*. (internal citation and quotation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state. Because of

4

this requirement, specific jurisdiction has been called 'conduct-linked jurisdiction,' which focuses upon the specific conduct of the defendant in the forum state. *Id.* (internal citation and quotation omitted).

Due process requires that there be sufficient 'minimum contacts' between the nonresident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003) (internal citation and quotation omitted). "Sufficient minimum contacts exist when the 'defendant's conduct and connection with the forum state are such that he [or she] should reasonably anticipate being haled into court there.'" *Id*. (internal citation and quotation omitted). "In assessing the defendant's reasonable anticipation, it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. (internal citation and quotation omitted). "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or **of the unilateral activity of another party or a third person**." *Id*. at 693-694 (emphasis added). Stated otherwise, the actions of the KMI IMI Group, not those of any of the other parties to this action, must have created the connections with Missouri. *See generally J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780, 2783, 180 L. Ed. 2d 765 (2011).

In a similar case, *A.T. Through Travis v. Hahn*, this Court found that there was no personal jurisdiction over a company that had sold its product to a third-party and by no act of its own, the product ended up in Missouri. 341 F. Supp. 3d 1031 (E.D. Mo. 2018). The Court made very clear that specific jurisdiction should not be applied solely on the basis of defendant's relationship with a third-party. *Id*. at 1038. In other words, just because Third-Party Plaintiff elected to do business

5

in Missouri, that does not permit a Missouri Court to assert personal jurisdiction over KMI IMI Group.  Further, just because it is foreseeable that a product may be sold in a state does not confer personal jurisdiction.  *Id.*

KMI IMI Group is a California corporation, with its principal place of business in California, that contracted with a California business to manufacture a product and ship the product to Tennessee.  KMI IMI Group does not know how the product ended up in Missouri in Plaintiff's possession as it has never shipped its product to Missouri and does not have any control over what Crown Laboratories does with the product after it is delivered.  KMI IMI Group is not registered to do business in Missouri and does not conduct business in Missouri

Just as in *A.T. Through Travis v. Hahn*, KMI IMI Group does not have any control or say over what Crown Laboratories does with the product after it is delivered.  *See* Exhibit A, Declaration of Ben Khalaj, ¶ 14.  As KMI IMI Group does not control Crown Laboratories, who based on the claims in this litigation distributed the product in Missouri to Plaintiff, the actions of Crown Laboratories cannot be used to establish jurisdiction over KMI IMI Group.  *Id*. Therefore, just as with the company in *A.T. Through Travis v. Hahn*, this Court cannot assert personal jurisdiction over KMI IMI Group and this matter should be dismissed.

### III.   CONCLUSION

WHEREFORE, based on the above and foregoing, Third-Party Defendant KMI IMI Group moves from an Order from this Court dismissing this action based on Rule 12(b)(2) for lack of personal jurisdiction.

Respectfully Submitted,

*/s/ Tracy M. Hayes*
Sean M. Sturdivan  MO #56234
Tracy M. Hayes  MO #58555
SANDERS WARREN & RUSSELL, LLP
11225 College Blvd., Suite 450
Overland Park, Kansas 66210
Tel: 913-234-6100
Fax: 913-234-6199
s.sturdivan@swrllp.com
t.hayes@swrllp.com
**ATTORNEY FOR THIRD-PARTY DEFENDANT KMI IMI GROUP**

## CERTIFICATE OF SERVICE

   I hereby certify that on the 8th day of September 2025, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, and a copy was also sent via electronic mail to the following:

Jason Paul Hine
Miller and Hine LLC
8764 Manchester Road
Suite 204
St. Louis, MO 63144
jhine@millerandhinelaw.com
***Attorneys for Plaintiff***

Donald Robert Hageman, III
Katherine C. Battisti
Gordon Rees, LLP
211 N. Broadway, Suite 2150
St. Louis, MO 63102
dhageman@grsm.com
kbattisti@grsm.com

Tyler Tarney
Davie A. Bosak
Gordon Rees LLP
41 S. High St., Suite 2495
Columbus, OH 43215
ttarney@grsm.com
dbosak@grsm.com
***Attorneys for Defendant/Third-Party***
***Plaintiff/Third-Party Defendant***
***Bellus Medical***

Rebecca A. Cary
Childress Ahlheim Cary LLC
1699 S. Hanley Rd, Ste. 210
St. Louis, MO 63144
rebecca@caclawfirm.com
***Attorneys for Third-Party Defendant***
***Bimini Technologies LLC d/b/a***
***Bimini Health Tech***

                    /s/ Tracy M. Hayes
                    ***Attorney***