# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STEPHANIE GRIESENAUER, ) | |
| ) | Case No. 4:25-cv-00263 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BELLUS MEDICAL, LLC D/B/A CROWN ) | |
| AESTHETICS, ) | |
| ) | |
| Defendant / Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BIMINI TECHNOLOGIES LLC d/b/a ) | |
| BIMINI HEALTH TECH, HEALEON LLC ) | |
| and KMI IMI GROUP, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

**MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT KMI IMI GROUP'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant / Third-Party Plaintiff Bellus Medical, LLC d/b/a Crown Aesthetics ("Crown") respectfully requests that this Court deny *Third-Party Defendant KMI IMI Group's Motion to Dismiss for Lack of Personal Jurisdiction*, Doc # 55 (the "Motion"). Succinctly, the Motion relies heavily on an affidavit while seeking to deny Crown the opportunity to conduct jurisdictional discovery. In turn, Crown requests the opportunity to conduct that jurisdictional discovery so that a fully informed briefing can be had. The Motion should be denied.

## BACKGROUND

This case arises out of alleged defects in Crown's ProGen PRP Eclipse ("ProGen") product. ProGen utilizes tubes which, when centrifuged, separate the red blood cells from plasma in a sample taken from a patient. The component which facilitates this separation is contained in the tubes, and is known as a "separator gel." The separator gel in this matter was manufactured and distributed by KMI IMI Group ("KMI"). *See Third-Party Complaint Against Bimini Technologies LLC, Healeon LLC and KMI IMI Group* (The "TPC"), ¶ 17.

KMI is a FDA-registered company that considers itself a "global leader[] in the distributing and manufacturing of Aesthetic Surgery products and equipment." *See Our Story*, available at [ABOUT | kmi-imi-group](ABOUT | kmi-imi-group) (last accessed Sept. 15, 2025). It is based in California. *See id.* KMI, publicly linked to ProGen, is noted as the "manufacturer contact" in multiple FDA Manufacturer and User Facility Device Experience ("MAUDE") adverse event reports for ProGen, demonstrating KMI's role in production and quality control. Specifically, KMI is identified alongside Bimini Health Tech ("Bimini") as the manufacturer of ProGen in several adverse events reports. *See MAUDE Database Search*, attached hereto as **Exhibit A**. KMI is aware of ProGen's national distribution.

There is no indication that KMI restricts its business operations to specific regions or states in the United States such that Missouri would not be a place where KMI does business. *See generally* https://www.kmiimigroup.com (last accessed Sept. 15, 2025). KMI knew, at all relevant times, that Crown did business in Missouri, as evidenced by Crown's targeted public marketing to "Missouri area partners". *See ProGen PRP Advertisement* (the "Advertisement"), attached hereto as **Exhibit B**. KMI further knew about Crown's business in Missouri due to publicly-stated offerings of ProGen treatments in clinics located in St. Louis, Chesterfield,

O'Fallon and Kansas City. *See* https://crownproviders.com/search (last accessed Sept. 30, 2025). In sum, KMI knowingly entered the Missouri market.

In addition to the foregoing, Crown has no ability to verify any of the following statements offered by Mr. Khalaj, the CEO of KMI: (1) that KMI does not conduct business in Missouri; (2) that KMI has never advertised in Missouri; (3) that KMI does not solicit Missouri residents for business; (4) that KMI has never shipped any products to the state of Missouri; (5) that KMI has no information on how the product ended up in Missouri; or, (6) that KMI has no involvement with companies other than Crown regarding where its products are sold or distributed. *See* Doc # 56-1.

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996) (*citing Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir.1995) (internal citations omitted). For the purposes of a prima facie showing, the court must view the evidence in the light most favorable to Crown and resolve all factual conflicts in Crown's favor. *Id.*

## ARGUMENT

The Motion should be denied or, in the alternative, should be held in abeyance pending jurisdictional discovery.

A. **The Motion Should Be Denied as Crown Can Make a Prima Facie Showing of Specific Personal Jurisdiction.**

The Motion should be denied because this Court has specific personal jurisdiction over KMI. Specifically, KMI targets Missouri, among other states, via its distributor network,

including Crown. *See* Advertisement, Ex. B. In the Eighth Circuit, personal jurisdiction is proper where the manufacturer "certainly benefited from the distribution efforts" of the distributor. *Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610, 613 (8th Cir. 1994). The court in *Barone* explicitly noted that "although [defendant] claims to have had no actual knowledge that [distributor] distributed [the product] into [the forum state]" such that it is intentionally targeting the market, "such ignorance defies reason and could aptly be labeled 'willful.'" *Id.*

KMI is a sophisticated manufacturer specializing in the design, development, and manufacture of medical devices, including custom cannulas, sterile tubing, and other aesthetic surgery products. Although based in California, KMI undoubtedly knows the reach of its distributors, and targets distributors that allow it access to certain markets, including a substantial one like Missouri. Public information demonstrates that Missouri is one of the target markets for the ProGen system. *See* https://crownproviders.com/search (last accessed Sept. 30, 2025). This public information is undoubtedly known to KMI, which is listed as a manufacturer of ProGen in multiple MAUDE adverse events reports nationwide. *See* Ex. A. Just like in *Barone*, KMI is now claiming ignorance as to the final destination of its products; however, in reality, KMI is intentionally targeting Missouri as a market and forum. *See supra*; *see also* Ex. A. Ultimately, this very case arises out of the Missouri contacts that KMI knew about going into, or at minimum maintaining, its business relationship with Crown. KMI should be subject to personal jurisdiction in Missouri.

**B.     Alternatively, Jurisdictional Discovery is Necessary.**

To the extent the Court is not inclined to find personal jurisdiction based on the current record, Crown submits that jurisdictional discovery is necessary.  The Eighth Circuit has affirmed that this Court has discretion in determining whether to grant jurisdictional discovery in any given matter.  *See Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 713 (8th Cir. 2003) (remanding to district court to proceed with jurisdictional discovery).  The key inquiry is whether the jurisdictional discovery will assist the parties in ascertaining additional facts to help resolve the jurisdictional issue.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).

In this case, KMI introduces several facts which are known to it alone.  These facts include what business, if any, KMI conducts in Missouri; whether KMI advertises in Missouri; whether KMI solicits Missouri residents for business; whether KMI has shipped product to Missouri; and, what other companies KMI does business with, or uses for distribution, that conduct business in Missouri. *See* Doc # 56-1.  These facts are simply not knowable to Crown without conducting some discovery on the subject; it is fundamentally at odds with notions of fair play for KMI to rely on facts only it could know in seeking dismissal of Crown's claims without further investigation.

Additionally, KMI's representation that it had no knowledge whatsoever of where its products end up seems to conflict with the marketing performed by its distributor, Crown, in Missouri; marketing which deals directly with the product related to this action and connecting KMI to Crown. *See* Ex. B.  This is consistent with KMI's general knowledge regarding nationwide distribution of ProGen via the MAUDE database, among other sources. *See supra*.

This Court should exercise its discretion and permit Crown to conduct some jurisdictional discovery to investigate the validity of these statements and resolve apparent discrepancies between the limited evidence available to Crown and KMI's representations.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, as well as those apparent to the Court, Crown respectfully requests that KMI's Motion be denied or, alternatively, that Crown be permitted to conduct limited jurisdictional discovery.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Tyler Tarney*
Tyler Tarney (OH St. Bar # 0089082) (admitted *pro hac vice*)
David Bosak (OH St. Bar # 0099361) (admitted *pro hac vice*)
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
ttarney@grsm.com
dbosak@grsm.com
*Attorneys for Defendant Bellus Medical, LLC d/b/a Crown Aesthetics*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was filed electronically with the Clerk of the Court on October 6, 2025, affecting service upon all counsel of record via the Court's CM/ECF system.

*/s/ Tyler Tarney*