IN THE UNITED STATES DISTRICT COURT OF
THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE GRIESENAUER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BELLUS MEDICAL, LLC, D/B/A CROWN AESTHETICS, | )     Case No. 4:25-cv-00263-SPM |
| | ) |
|     Defendant/Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BIMINI TECHNOLOGIES LLC, d/b/a/ BIMINI HEALTH TECH, HEALEON LLC and KMI IMI GROUP, | ) |
| | ) |
|     Third-Party Defendants. | ) |

**THIRD-PARTY DEFENDANT KMI IMI GROUP'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Third-Party Defendant KMI IMI Group, by and through undersigned counsel, and provides the following Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction:

**I.**      **BUSINESS CONDUCTED BY CROWN IN MISSOURI IRRELEVANT**

As an initial matter, in its Response to the Motion to Dismiss, Crown argues that KMI IMI Group knew that Crown did business in Missouri. *See* Doc. 65, p. 2. However, what Crown fails to note to the Court is that at the time of this incident, KMI IMI Group was not doing business directly with Crown. As indicated in Mr. Khalaj's Declaration, KMI IMI Group did business with Bimini Health Tech and Healeon LLC, which are both located in California. *See* Doc. 56-1, ¶ 11. It was Healeon LLC that instructed KMI IMI Group to ship the product to Crown. *See* Doc. 56-1, ¶ 11. This is further confirmed by Crown's claims in the Third-Party Complaint in that it has only

1

asserted contractual claims against Bimini Technologies, LLC, and Healeon LLC, not KMI IMI Group.  *See* Doc. 42, ¶¶ 14, 19-24.

Further, as argued in KMI IMI Group's Motion to Dismiss, the fact that <u>Crown</u> does business in Missouri is irrelevant to the determination of whether there is specific jurisdiction in Missouri over KMI IMI Group.  As it relates to specific jurisdiction, "[i]n order for a state court to exercise specific jurisdiction, the suit must arise out of or relate to the **<u>defendant's contacts</u>** with the forum." *A.T. Through Travis v. Hahn*, 341 F. Supp. 3d 1031, 1036 (E.D. Mo. 2018)   *Id*. (internal citation and quotation omitted) (emphasis added).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state.  Because of this requirement, specific jurisdiction has been called 'conduct-linked jurisdiction,' which focuses upon the specific **<u>conduct of the defendant in the forum state</u>**.  *Id*. (internal citation and quotation omitted) (emphasis added).   "In assessing the defendant's reasonable anticipation, it is essential in each case that there be some act by which **<u>the defendant</u>** purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003) (internal citation and quotation omitted) (emphasis added).  "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or **<u>of the unilateral activity of another party or a third person</u>**." *Id*. at 693-694 (emphasis added).

In other words, KMI IMI Group, not Crown, had to have conduct in the State of Missouri as it relates to *this incident*.  Crown has failed to allege any facts in its Third-Party Complaint, or its response to the Motion to Dimsis, that KMI IMI Group had any connection with Missouri.

2

Instead, it is relying on its own actions, the party that has made claims against KMI IMI Group, to establish jurisdiction.

Crown primarily relies on *Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F3d 610 (8th Cir. 1994), in supports of its argument regarding Missouri having jurisdiction over KMI IMI Group based on the "stream of commerce" theory. However, *Barone* is distinguishable from this matter in that in *Barone*, the entity at issue directly contracted with the distributor that did business in Nebraska. *Id*. at 611.

Instead, this case is similar to *Staple Cotton Co-op. Assoc. v. D.G. and G.Inc.,* 106CV0046 TCM, 2007 WL 2409744 (E.D. Mo. Aug. 20, 2007), where this Court declined to extend the ruling in *Barone* when the entity at issue did not directly contract with the entity that sold the product in Missouri and did not create the distribution system that resulted in the product being sold in Missouri. 2007 WL 2409744, at *1, 3, 5.

This Court noted in *Staple Cotton Co-Op. Assoc.*, "Foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause. Foreseeability is not irrelevant, however. The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." 2007 WL 2409744, at *3 (internal citation and quotation omitted). *See also Staple Cotton Co-op. Assoc. v. D.G. and G.Inc.,* 631 F.Supp.2d 1168 (E.D. Mo. 2007) (same court regarding different Defendant, as with KMI IMI Group, no direct contacts with Missouri and entity at issue did not have any control where products were sold and fact that products were sold in Missouri was not sufficient); *Tuttle v. Steris Corp.*, 4:09-CV-1288 CEJ, 2011 WL 293760 (E.D. Mo. Jan. 27, 2011) (actions of the at issue entity were not directed to Missouri and instead those

3

of a third-party (i.e., Crown in this case), is what resulted in the product being in Missouri); *Foscato v. Chaparral Boats, Inc.,* 2:21-4240-NKL, 2022 WL 1322642 (W.D. Mo. May 3, 2022) (no jurisdiction because no connection between the entity and a distributor that resulted in the sale of the products in Missouri, such as no connection between KMI IMI Group and Crown).

In addition, the decision in *Barone*, was prior to the United State Supreme Court handing down its decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 582 U.S. 255, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017).  As this Court noted in A.*T. Through Travis v. Hahn*, 341 F.Supp.3d 1031 (E.D. Mo. 2018), *Bristol-Myers* drastically changed the specific jurisdiction landscape to the exclusion of the stream-of-commerce theory.  341 F.Supp.3d at 1037.  As this Court stated regarding *Bristol-Myers*:

> it was stated that the bare fact that a foreign defendant contracts with a forum-state distributor is not enough to establish personal jurisdiction in the State. The opinion continued, "In this case, it is not alleged that the foreign defendant *engaged in relevant acts together* with the forum-state distributor in the forum state. Nor is it alleged that the foreign defendant is *derivatively liable* for the forum-state distributor's conduct in the forum state." *Bristol-Myers*, therefore, expressly linked specific jurisdiction either to a foreign defendant's particular acts within the forum or the particular acts of its agent and/or alter-ego subsidiary/distributor.  There was no suggestion that mere expectation or knowledge of the effects of a distributing relationship sufficed to establish personal jurisdiction. Instead, it was held that a defendant's general connections with the forum are not enough.  A corporation's continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suit unrelated to that activity.  As we have explained, a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction.

*Id*. (internal citation and quotation omitted).  In *Hahn*, this Court granted dismissal because, just as with KMI IMI Group, there was no indication that the entity took action to target Missouri, that there was no indication that the entity controlled the distribution efforts, and that foreseeability related to the entity's relationships with third parties was not sufficient without any attention paid to the entity's own discrete efforts to target Missouri.  *Id*. at 1038-1039.

Therefore, as the only connection of KMI IMI Group with Missouri argued by Crown is *Crown's* own actions in Missouri, this Court lacks jurisdiction over KMI IMI Group and this matter should be dismissed.

## II.   JURISDICTIONAL DISCOVERY NOT APPROPRIATE IN THIS CASE

In the alternative, Crown has requested that the Court order jurisdictional discovery related to the facts stated in KMI IMI Group's Declaration. However, unlike the case[1] cited by Crown in support of discovery, there are no factual issues in dispute as only KMI IMI Group has provided a Declaration in support of its arguments and Crown has not provided any basis to question the truthfulness of the statements in the Declaration or additional facts that would be relevant to the determination of specific personal jurisdiction in Missouri over KMI IMI Group.

In *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704 (8th Cir. 2003), the case cited by Crown in support of its request for jurisdictional discovery, there were open questions of fact --- in particular, the Court indicated additional information was required related to specifics of the connections between the defendant and Missouri to make a determination of whether it was sufficient for general jurisdiction. In other words, how substantial the connections were at issue. In *Lakin*, the Plaintiff was requesting more information regarding issues that were not addressed in the attached affidavits, not attempting to attack the truthfulness of the affidavits. Here, Crown has only requested discovery to attack the truthfulness of the Declaration attached, not to obtain *additional facts* regarding other issues that may be relevant to the determination of jurisdiction.

As Crown has failed to demonstrate what additional *facts* would be ascertained through discovery, the request should be denied and KMI IMI Group's motion to dismiss granted.

---

[1] Crown also cited to *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). However, the opinion in *Oppenheimer Fund* is not related to personal jurisdiction. Although the footnote does give jurisdictional discovery as an example of discovery not related to the merits of the case, it is irrelevant to the analysis of whether jurisdictional discovery is appropriate in this case.

5

WHEREFORE, Third-Party Defendant KMI IMI Group moves from an Order from this Court dismissing this action based on Rule 12(b)(2) for lack of personal jurisdiction.

Respectfully Submitted,

*/s/ Tracy M. Hayes*
Sean M. Sturdivan            MO #56234
Tracy M. Hayes               MO #58555
SANDERS WARREN & RUSSELL, LLP
11225 College Blvd., Suite 450
Overland Park, Kansas 66210
Tel:   913-234-6100
Fax:   913-234-6199
s.sturdivan@swrllp.com
t.hayes@swrllp.com
**ATTORNEY FOR THIRD-PARTY DEFENDANT KMI IMI GROUP**

## CERTIFICATE OF SERVICE

   I hereby certify that on the 15th day of October 2025, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, and a copy was also sent via electronic mail to the following:

Jason Paul Hine
Miller and Hine LLC
8764 Manchester Road
Suite 204
St. Louis, MO 63144
jhine@millerandhinelaw.com
***Attorneys for Plaintiff***

Donald Robert Hageman, III
Katherine C. Battisti
Gordon Rees, LLP
211 N. Broadway, Suite 2150
St. Louis, MO 63102
dhageman@grsm.com
kbattisti@grsm.com

Tyler Tarney
Davie A. Bosak
Gordon Rees LLP
41 S. High St., Suite 2495
Columbus, OH 43215
ttarney@grsm.com
dbosak@grsm.com
***Attorneys for Defendant/Third-Party Plaintiff/Third-Party Defendant Bellus Medical***

Rebecca A. Cary
Childress Ahlheim Cary LLC
1699 S. Hanley Rd, Ste. 210
St. Louis, MO 63144
rebecca@caclawfirm.com
***Attorneys for Third-Party Defendant Bimini Technologies LLC d/b/a Bimini Health Tech***

                /s/ Tracy M. Hayes
                ***Attorney***